JONATHAN D. HALLY
jonhally@idahoconstructionlawyers.com
Idaho State Bar No. 4979
BLEWETT MUSHLITZ HALLY, LLP
710 16th Avenue
P.O. Box 1990
Lewiston, Idaho 83501
Telephone: (208) 413-6678
Facsimile:  (208) 413-6682

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEOFFREY STEVENS, ) | Case No.: _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT AND DEMAND FOR JURY** |
| vs. ) | **TRIAL** |
| ) | |
| HEATHER LEE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

COMES NOW the above-named Plaintiff, GEOFFREY STEVENS, by and through his attorney of record, Jonathan D. Hally of the law firm of Blewett Mushlitz Hally, LLP,  and for a cause of action against the above-named Defendant alleges as follows:

## I. PARTIES

1. Plaintiff GEOFFREY STEVENS is and at all times relevant has been a resident of Clarkston, Washington.

2. Defendant HEATHER LEE is and at all times relevant has been a resident of Lewiston, Idaho.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in the above-entitled court by virtue of 28 U.S.C. §1391(b) as the Defendant resides within the District of Idaho and a substantial part of the events giving rise to the claims occurred within the State of Idaho.

## III. GENERAL ALLEGATIONS

5. Plaintiff was a volunteer coach of a youth hockey team which consisted of minor children and practiced at a facility in Lewiston, Idaho. Defendant has two children who played for the team coached by Plaintiff. Defendant's children were approximately 15 and 17 years of age. Defendant's husband was an assistant coach for said youth hockey team.

6. In addition to volunteering as a youth hockey coach, Plaintiff is a pastor of a small church located in Kamiah, Idaho and had often been employed as a substitute teacher in schools in Asotin County, Washington.

7. On or around early February of 2022, Plaintiff, as coach of the youth hockey team, reprimanded the Defendant's teenage children for misconduct as players on the hockey team. Prior to the reprimand, in response to complaints from other parents that assistant coach Mr. Lee was

playing his children a disproportionate amount of time in comparison to other players, Plaintiff took action to temporarily reduce the playing time of the Lee children. Plaintiff's actions involving the reduction in playing time for the Lee children and reprimanding the Lee children resulted in Defendant Heather Lee becoming incensed and a vocal critic of Plaintiff wherein she engaged in a course of retaliation against Plaintiff.

8. Due in part to Defendant Heather Lee's conduct, Plaintiff did not continue coaching the youth hockey team. On information and belief, in the fall of 2022 there were rumors that Plaintiff was going to return as a coach for the youth hockey team which resulted in Defendant engaging in a campaign to defame Plaintiff, injure his reputation and subject him to public ridicule, hatred and contempt by publishing false statements to others which imputed to Plaintiff criminal offenses, conduct that was incompatible with his profession as a pastor and substitute teacher, and which false statements alleged sexual misconduct involving children.

9. On or around November 6, 2022 and thereafter, Defendant published to others on her Facebook account false statements about Plaintiff which claimed he had engaged in criminal behavior involving abuse of children of a sexual nature and that Plaintiff had intimidated Defendant's child into remaining quiet and not to disclose the alleged abuse. More specifically, Plaintiff published to others on her Facebook account that Plaintiff told one of her children, "I am your coach. I am a pastor. I am above you. Nobody will ever believe you over me." Within the same publication, Defendant further asserted that said quotation was made by Geoffrey L. Stevens, to Defendant's "minor child after exposing his fully nude genitals."

10. Within the same publication, Defendant further published to others additional false claims of Plaintiff's conduct that was criminal in nature, stating, "[t]his was reported to the Lewiston Police Department in February 2022. Geoff Stevens is rumored to be considered for coaching the same child(ren) he violated during the 2021-2022 Ice Hockey Season. Why haven't you heard about this?" Finally, within the same publication, Defendant states, "[h]old offenders accountable – Keep our children safe:

- Listen to your children when they tell
- They should tell even if the offender threatens them
- They should tell even when the offender says nobody will believe them
- Let them know YOU believe them.
- Notify law enforcement immediately."

Defendant then included a photo of Plaintiff in her publication.

11. Defendant's statements to others regarding Plaintiff are false and she knew they were false at the time they were published to others. Defendant intentionally, and with malice, crafted the publications to assert that Plaintiff was a sexual offender and predator, abused children, and that he had engaged in criminal misconduct consisting of sexually related offenses against children. All of Defendant's statements were false and Defendant knew the publications were false.

12. Defendant intended that persons reading Defendant's false publications would believe that Plaintiff was a sexual offender of children, a sexual predator, and had committed a crime of a sexual nature against Defendant's child or children and possibly other children.

13. In concert with the above-described publications, Defendant published the following: "Does this make you uncomfortable? Good. It's uncomfortable for victims who were silenced

**COMPLAINT AND DEMAND FOR JURY TRIAL**     4

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

instead of supported, who begin a new season without any justice, apology, or even acknowledgment of the disgusting behavior they endured last season. I reported this to Lewiston Police in February. They still have not contacted the primary victim for an interview or statement. Why is LPD not investigating reports like this against our children? ... Geoffrey Stevens showed his penis to children."

14. As with the first publication, Defendant's additional publication is claiming the Plaintiff committed a crime against children and that Defendant's child was the primary "victim" and that there were other victims of Plaintiff. Said publications were false and Defendant knew the direct assertions and corresponding innuendo were false at the time she made them.

15. In furtherance of her endeavor to portray Plaintiff as a sexual predator who committed crimes against children, Defendant published to others on her social media account that (1) she had reported Plaintiff to the police; (2) "I have been embraced by the loveliest people lately who have never met me or my kids but are still in our corner. Some who have seen this individual's capacity for abuse. Until we drag this out into the sunlight, name it and shame it, kids won't be safe"; and (3) "I hope one day all those he's victimized find their voices, and that they're heard in ways that ensure he can't hurt anyone else again."

16. Defendant's statements against Plaintiff were false and she knew they were false. Defendant's endeavor to injure Plaintiff's reputation and subject him to public hatred, ridicule, and contempt was successful by falsely portraying the Plaintiff as having committed criminal offenses against children and as a sexual predator and offender. Third persons responding to Defendant's

**COMPLAINT AND DEMAND FOR JURY TRIAL**      5

public postings about Plaintiff included the following comments: (1) "Sick! Dear God go after this devil!!!"; (2) "Have you called prosecutor? Make some more noise. That's appalling"; (3) "Local friends, the police are investigating his crime now! Thank God"; and, (4) "He is such an evil man!!!! I'm going to share."

17. On November 8, 2022, Plaintiff issued a cease and desist letter to Defendant which notified Defendant that she was posting salacious and false statements regarding Plaintiff on various social media platforms, to stop all further posts regarding Plaintiff and to immediately remove/delete any of her existing posts concerning Plaintiff. Instead of abiding by the demands in the cease and desist letter, Defendant posted a copy of the cease and desist letter on her Facebook account along with her responsive letter that simply stated: "No.".

18. Defendant refused to remove and delete her false postings of Plaintiff and, instead, retained all defamatory publications on her Facebook account which remain open to public viewing and continued to publish additional defamatory statements about Plaintiff.

19. Defendant's conduct in making the false publications regarding Plaintiff was malicious, outrageous, constitutes an extreme deviation of reasonable standards of conduct and was performed with full knowledge that said false publications would cause Plaintiff to suffer harm and with the specific intent of causing harm to Plaintiff including to his reputation.

20. As a direct and proximate cause of Defendant's false and defamatory publications, Plaintiff suffered damages and continues to suffer damages including injury to his reputation; exposure to public ridicule, hatred and contempt; and severe emotional distress and embarrassment.

Further, as a direct and proximate cause of Defendant's misconduct, the congregation of the church in which Plaintiff was a pastor has diminished significantly and he has stopped receiving substitute teaching jobs from the Asotin County School District. Plaintiff's damages exceed the sum of $75,000 excluding any interest and costs, the exact amount of which will be proven at trial.

## COUNT 1
## DEFAMATION PER SE

21. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as if set forth in full herein.

22. Defendant's false publications to others against Plaintiff constitute defamation per se.

23. As a direct and proximate cause of Defendant's defamatory statements, Plaintiff has suffered damages and continues to suffer damages including injury to his reputation; being subjected to public hatred, contempt and ridicule; severe emotional distress; embarrassment; and a loss of income. Said damages exceed the sum of $75,000 exclusive of any costs or interest, the exact amount of which will be proven at trial.

## COUNT 2
## DEFAMATION

24. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as if set forth in full herein.

25. Defendant's false publications against Plaintiff constitute defamation.

26. As a direct and proximate cause of Defendant's defamatory statements, Plaintiff has suffered damages and continues to suffer damages including injury to his reputation; being subjected to public hatred, contempt and ridicule; severe emotional distress; embarrassment; and a loss of income. Said damages exceed the sum of $75,000 exclusive of any costs or interest, the exact amount of which will be proven at trial.

## ATTORNEY FEES

27. As a result of Defendant's conduct, Plaintiff has been required to retain the services of Blewett Mushlitz Hally, LLP. Plaintiff requests that he be reimbursed for all reasonable attorney fees and costs as permitted under relevant federal and state law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For damages in an amount be proven at trial in excess of $75,000.00 exclusive of interest and costs;

2. For an award of costs and for attorney fees incurred in this action;

3. Prejudgment interest; and

4. For such other and further relief as the Court deems just and equitable.

DATED this 29 day of December, 2022.

          BLEWETT MUSHLITZ HALLY, LLP

          By: _____
          Jonathan D. Hally, a member of the firm
          Attorneys for Plaintiff
          710 16th Avenue, Lewiston, Idaho 83501
          jonhally@idahoconstructionlawyers.com
          (208) 413-6678