UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEOFFREY STEVENS,<br><br>            Plaintiff,<br><br>v.<br><br>HEATHER LEE,<br><br>            Defendant. | Case No. 2:22-cv-00529-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Heather Lee's Combined Motion for Judgment on the Pleadings and for Judicial Notice ("Combined Motion") (Dkt. 33), Motion to Strike (Dkt. 38), and Motion to Compel (Dkt. 45). Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding further delay, and because it finds the decisional process would not be significantly aided by oral argument, the Court decides the motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, Lee's Combined Motion and Motion to Strike are DENIED; Lee's Motion to Compel is GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. Factual Background

The factual background of this case is set forth in the Court's February 22, 2024

Memorandum Decision and Order. Dkt. 31. It is well-known to the parties and will not be reiterated here in any detail. In brief, this is a defamation per se and defamation action brought by a volunteer hockey coach, Geoffrey Stevens, against the mother, Heather Lee, of two of his players. Stevens alleges the defamation per se (Count 1) and defamation (Count 2) occurred in social media posts by Lee. Dkt. 1. Lee denies those allegations. Dkt. 8.

### B. Procedural Background

Lee initially filed a Motion to Dismiss for Lack of Jurisdiction (Dkt. 14) and, when the Court denied that Motion (Dkt. 31) on February 22, 2024, filed the instant Combined Motion less than two weeks later. Dkt. 33. Lee's Combined Motion included documents which were not attached to either Stevens' Complaint (Dkt. 1) or to Lee's Answer (Dkt. 8). Stevens opposed Lee's Combined Motion (Dkt. 36) and included his Declaration (Dkt. 36-1) with his Response. Dkt. 36-1. Lee subsequently filed the instant Motion to Strike (Dkt. 38) Stevens' Declaration. Lee also replied to her Combined Motion (Dkt. 39),[1] and included her own Declaration (Dkt. 40) with her Reply. Stevens thereafter filed an "Objection" to the exhibits cited in Lee's Combined Motion and to Lee's Declaration. Dkt. 43.

On April 30, 2024, Lee filed a Motion to Compel compliance with a third-party subpoena she served on the church where Stevens serves as a pastor. Dkt. 45. Given the many pending Motions, the Court entered an order holding all remaining case deadlines in

---

[1] Lee also filed an Errata to her Reply to correct a typographical error on page 6. Dkt. 44, at 2. The Court corrected the typographical error before reviewing Lee's Reply.

abeyance pending the instant decision. Dkt. 48.

## III. LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(c)

A motion for judgment on the pleadings under Rule 12(c) is substantially identical to Rule 12(b), as both permit challenges to the legal sufficiency of the opposing party's pleading. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Qwest v. City of Berkeley*, 208 F.R.D. 288, 201 (N.D. Cal. 2002); *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").  As such, Lee's Motion for Judgment on the Pleadings will be analyzed as if it were brought pursuant to Rule 12(b)(6).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *accord Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). To survive a Rule 12(b)(6) motion, plaintiff's allegations must provide enough factual basis which, taken as true, state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim has facial plausibility when the plaintiff pleads factual content allowing the

court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but requires more than a mere possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

### B. Judicial Notice

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bankruptcy,* 828 F.2d 1385, 1388 (9th Cir.1987). "A court may take judicial notice of matters of public record," such as court documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (cleaned up). Under the "incorporation by reference" doctrine, a court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

However, if a court considers documents which are not subject to judicial notice or are not incorporated by reference in the pleadings, a Rule 12(c) motion "should be converted into a summary judgment motion so that the plaintiff has a fair chance to respond." *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 948 F. Supp. 2d 1131, 1141 (D. Haw. 2013). If a court converts a motion for judgment on the pleadings into a motion for summary judgment, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Proc. 12(d).

### C. Federal Rule of Civil Procedure 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010).

The Court has broad discretion in disposing of motions to strike. *Ivanov v. Fitness Elite Training Center, Inc*., 2023 WL 5604302 (D. Idaho Aug. 30, 2023). Still, a court may not resolve disputed factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. In addition, like a motion for judgment on the pleadings, a court must view the challenged pleadings in the light most favorable to the plaintiff when resolving a motion to strike. *Wailua Assocs. v. Aetna Cas. and Sur. Co*., 183 F.R.D. 550, 554 (D. Haw. 1998) (citing *Hoeft v. Tucson Unified Sch. Dist*., 967 F.2d 1298, 1301 (9th Cir. 1992)).

### D. Federal Rules of Civil Procedure 26, 37, and 45

The Federal Rules of Civil Procedure dictate the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). For discovery purposes, courts define relevance broadly, regarding information as relevant if it "bears on," or might reasonably lead to information that "bears on," any material fact or issue in the action. *See Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is determined by "considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The fundamental principle of . . . Rule 26(b)(1) is that lawyers must size and shape their discovery requests to the requisites of a case." *United States v. HVI Cat Canyon, Inc*., 2016 WL 11683593, at *4 (C.D. Cal. Oct. 26, 2016) (cleaned up). Courts must limit the frequency or extent of discovery if it becomes cumulative or duplicative, or if the information is available more efficiently from another source. *See* Fed. R. Civ. P. 26(b)(2)(C).

If a party served with discovery fails to adequately respond, the serving party may file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a). "A court has broad discretion in deciding whether to compel discovery." *Tanner v. Schriever*, 2019 WL 5581335, at *1 (D. Idaho Oct. 29, 2019) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)). Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id*.

The general discovery provisions of Rule 26 and Rule 37 apply to subpoenas to third parties. *Gonzales v. Google, Inc*., 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). A party issuing a third-party subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target, and the court from which the subpoena issues must enforce this restriction. Fed. R. Civ. P. 45(d)(1). In assessing whether to compel a third-

party subpoena, the court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680.

## IV. DISCUSSION

### A. Combined Motion (Dkt. 33)

*1. Request for Judicial Notice*

Before turning to the merits of Lee's request for judgment on the pleadings, the Court first considers Lee's request that the Court consider: (1) a November 9, 2022 "police report" prepared by Officer J. Stormes of the Lewiston, Idaho Police Department (hereinafter "Stormes' summary") (Dkt. 23, Ex. D); and (2) a November 22, 2022 Washington State Court "Denial Order" (Dkt. 33-2). *See* Dkt. 33-1, at 8–12.[2] Lee argues that because the contents of Stormes' summary are plainly alleged in the Complaint, and the authenticity of Stormes' summary is not in question, the Court should take judicial notice of it. She also argues that Courts can always take judicial notice of court records, even if the records are from a different court.

Stevens maintains the Court cannot take judicial notice of either document. Dkt. 36, at 3–7. Specifically, Stevens argues the Court may not consider Stormes' summary because it was neither attached to nor relied upon in the Complaint, and has not been properly authenticated. The Court agrees. First, there is no actual police report attached to Stormes' summary. Instead, Stormes' summary outlines conversations he had with four unidentified juveniles. Stormes' summary does not include transcripts of his conversations with the

---

[2] Page citations are to the CM/ECF-generated page number.

juveniles, is not signed by anyone (including Stormes), and is not certified as true by either Stormes or the juveniles. Dkt. 23, Ex. D. Stormes' summary also contains facts Stevens clearly disputes. *See, e.g.*, Dkt. 36-1.

Second, Stormes' summary was not included with either Stevens' Complaint or Lee's Answer. Dkt. 1; Dkt. 8. While Lee argues the Court may still consider Stormes' summary without converting her request for judgment on the pleadings into a motion for summary judgment because both parties relied upon it in their pleadings (Dkt. 33-1, at 9) this is simply not true. As noted, Stormes' summary is comprised of narrative summaries of Stormes' interviews with four unidentified members of Stevens' youth hockey team. Dkt. 23, Ex. D. By contrast, any references to a "police report" or "reports to police" in Stevens' Complaint involve Lee's repeated claims on social media that she had reported Stevens to the Lewiston police. Dkt. 1, at ¶¶ 10, 12, 13, 15. Stormes' summary does not identify reports Lee made to the Lewiston police. Dkt. 43, Ex. D. Because Stevens' Complaint did not attach, rely upon, or reference Stormes' summary in any way, the Court cannot consider it without converting Lee's Motion for Judgment on the Pleadings into a Motion for Summary Judgment.[3] *Queen's Med. Ctr.*, 948 F. Supp. 2d at 1141.

---

[3] Lee highlights that this Court has previously explained, "[w]hen the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading." Dkt. 33-1, at 9 (quoting *Keller v. Keller*, 2021 WL 5701486, at *3 (D. Idaho Dec. 1, 2021)). In *Keller*, the Court quoted *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) in support of the latter proposition. *Keller*, 2021 WL 5701486, at *3. The Court did not further elaborate in *Keller* because there neither party objected to the other side's submission of documents not included with the complaint with their briefing on defendant's motion to dismiss. *Id.* Because Stevens does object to Lee's submission of documents which were not relied upon or referenced in his Complaint, the Court clarifies that while the Ninth Circuit in *Branch* held a defendant may introduce an exhibit not included as part of the complaint when attacking the pleading, the defendant may do so only with respect to "documents whose contents are

(Continued)

And third, Stevens questions the authenticity of Stormes' summary because it is unsigned, the subjects Stormes interviewed are unidentified, and the statement on each page which states "I certify or declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct," is unsigned. Dkt. 26, at 4 (citing Dkt. 23, Ex. D). Thus, one of the prerequisites to the Court's consideration of Stormes' summary—that the authenticity of the document is not contested—is absent. The Court cannot consider the facts included in Stormes' summary when ruling on Lee's Motion for Judgment on the Pleadings because Stevens expressly disputes the authenticity of the document. *Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1164 (D. Or. 2011).

Finally, even if the Court were to take judicial notice of Stormes' summary, that a document itself is susceptible to judicial notice does not mean that every assertion of fact within the document is judicially noticeable for its truth. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). For instance, the Court could take judicial notice that there was a police investigation into Stevens and that a narrative summary of that investigation was prepared. However, the Court could not take judicial notice that the facts included in Stormes' summary are accurate. To hold otherwise would allow Lee to present her own version of the facts at the pleading stage, and to impermissibly accept Lee's version of the fact as true. This is not the purpose of either the judicial notice or the incorporation by reference doctrines. *Khoja*, 899 F.3d at 999, 1002–1003. Further, because Stevens questions the authenticity of Stormes' summary and the document was neither

---

alleged in a complaint and whose authenticity no party questions[.]" *Branch*, 14 F.3d at 453–54. Here, there are no allegations in Stevens' Complaint regarding Stormes' summary and Stevens does question the document's authenticity. Dkt. 36, at 4–5.

referenced in, nor attached to, the pleadings, the Court denies Lee's request for judicial notice with respect to Stormes' summary.

Stevens next argues the Court cannot take judicial notice of the Denial Order because the Denial Order was not attached to, relied upon in, or referred to in his Complaint, and also was not a final judgment. With respect to the latter argument, Stevens suggests the Denial Order is irrelevant to any of the issues before this Court because the Denial Order addressed only the Washington state court's refusal to grant a temporary restraining order, and not a decision on the merits of Stevens' defamation claims. Again, the Court agrees.

The Denial Order was not referenced in, or included with, the pleadings. As such, it was not incorporated by reference in the pleadings. The Denial Order is also irrelevant because it merely involved Stevens' ex parte request for a temporary restraining order against Lee. Dkt. 33-2. Lee did not receive notice of the Request for Temporary Restraining Order and a hearing on the merits of the Request was presumably never held. *Id*. at 1. Instead, the Washington state court merely determined Stevens—at that preliminary stage of the proceedings—did not establish by a preponderance of evidence that Lee had unlawfully harassed him. The Washington state court also concluded Stevens' requested temporary order would "constitute[] a prior restraint on free speech which the Court lacks authority to enter." Dkt. 33-2, at 3.

Injunctions against any speech, even libel, constitute prior restraints and are presumptively unconstitutional. *Oakley v. McWilliams*, 879 F. Supp. 2d 1087, 1089 (C.D. Cal. 2012). As such, reputational harm caused by defamation must be remedied through

damages, and not injunctive relief. *Id.*; *San Antonio Cmty. Hosp. v. S. Cal. Dist. Council of Carpenters*, 137 F.3d 1090, 1092 (9th Cir. 1998) ("[E]quity does not enjoin a libel or slander . . . the only remedy for defamation is an action for damages[.]") Thus, the Washington state court's refusal to issue a presumptively unconstitutional order restraining Lee's future speech is irrelevant to this case, which seeks damages for Lee's past allegedly defamatory statements. Judicial notice is inappropriate where, as here, the facts to be noticed are not relevant to the disposition of the issues before the Court. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998).

In short, for purposes of Lee's Motion for Judgment on the Pleadings, the Court will take judicial notice that the Washington state court issued the Denial Order rejecting Stevens' ex parte attempt to enjoin Lee's future speech. Lee's request that the Court take judicial notice of Stormes' summary and the Denial Order is denied in all other respects. [4]

### 2.  *Judgment on the Pleadings*

Lee argues the Court should enter judgment on the pleadings because: (1) the Court lacks jurisdiction under the *Rooker-Feldman* doctrine; (2) Stevens' claims are barred by claim preclusion/res judicata; and (3) Stevens' claims are barred by the First Amendment. The Court disagrees.

### a.  *Rooker-Feldman Doctrine*

Lee first suggests the Court should enter judgment on the pleadings because

---

[4] The Court is not, at this time, addressing the admissibility of such documents on summary judgment or at trial. However, as Stevens outlined in his Objection (Dkt. 43) the Court cautions the parties that documents must be properly authenticated and are generally subject to the hearsay rules in order to be deemed admissible at trial or on summary judgment. *See, e.g., Orr v. Bank of Am.*, 284 F.3d 764, 773 (9th Cir. 2002).

Stevens' claims are barred under the *Rooker-Feldman* doctrine.[5] "At its core, the *Rooker-Feldman* doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000). As courts of limited jurisdiction, federal courts lack subject matter jurisdiction to review state courts' final judicial determinations. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Instead, only the United States Supreme Court has appellate jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State." 28 U.S.C. § 1257. Thus, if a party either directly appeals a state-court judgment, or files an action that amounts to the "de facto equivalent" of a formal appeal, it must do so by filing a writ of certiorari with the United States Supreme Court. *Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003).

Here, Stevens has not filed a direct appeal of the Washington state court's refusal to grant injunctive relief, and has instead filed a new suit to obtain tort damages for Lee's past statements. Nor did the Washington state court enter a final judgment, as it appears it instead merely denied Stevens' ex parte request for a temporary restraining order. The first example where the *Rooker-Feldman* doctrine is appropriately invoked—when a party directly appeals a state-court judgment—thus does not apply.

Deciding whether this action is a prohibited de facto appeal hinges on a careful review of Stevens' requested relief. *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012). An action is a de facto appeal when "the losing party in state court file[s] suit in

---

[5]  The *Rooker-Feldman* doctrine takes its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1993) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

federal court after the state proceedings end[ ], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Noel*, 341 F.3d at 1154–55 (citation omitted). The Ninth Circuit has provided the following "general formulation" of the *Rooker-Feldman* doctrine: "If a . . . plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court . . . , *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If ... [a] plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1164.

Stevens does not seek this Court's review or rejection of the Denial Order, and does not claim an injury caused by the Denial Order. Stevens also does not request injunctive or other relief with respect to Lee's future speech. Instead, Stevens solely seeks tort damages for Lee's past allegedly defamatory statements. The Denial Order did not address either Lee's past statements, or whether Stevens could state a claim for defamation against Lee for such statements. Thus, because Stevens does not challenge the Denial Order, and instead identifies Lee's past allegedly defamatory statements as his injury, the *Rooker-Feldman* doctrine does not bar jurisdiction. *Id*.

In her Combined Motion, Lee cites *Snyder v. Phelps*, 562 U.S. 443, 451 (2011), and a number of unpublished district court cases, for the unremarkable position that the First Amendment is a defense to all state tort civil liability. Dkt. 33-1, at 14–15. Clearly, Lee may present her First Amendment defense when this case proceeds to the merits of Stevens' defamation claims. However, Lee's suggestion that this Court cannot rule in favor

of Stevens without holding the Washington state court "erred in its decision that [Lee's] statements are covered by the First Amendment" again ignores that the Denial Order did not address Lee's past statements or whether the First Amendment precluded Stevens' defamation claims against Lee for making such statements.

In short, Stevens identifies Lee's allegedly defamatory statements as his legal injury and does not in any way challenge or assert a legal injury caused by the Denial Order. As such, the instant suit is not a de facto appeal of a state court judgment[6] and the *Rooker-Feldman* doctrine does not apply. *Id*.

### b. Claim Preclusion/Res judicata

Lee next argues Stevens' defamation claims "are barred by Res Judicata/Issue Preclusion because the state court already issued a judgment declaring [Stevens'] statements to be First Amendment protected speech, and if the First Amendment bars the civil tort [Stevens] brought in the state court, it bars the state tort defamations actions he now tries to bring here[.]" Dkt. 33-1, at 16. Again, the Court disagrees.

"Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Grp*., 586 F.3d 1204, 1212 (9th Cir. 2009). Claim preclusion applies "when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Lee fails to establish the first two of these three elements.

---

[6] As noted, it also appears the Washington state court did not enter a judgment at all, and instead merely denied Stevens' request for temporary injunctive relief.

Courts consider four factors in determining whether there is an "identity of claims" between two actions: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012). As discussed above, the rights and interests established in the Washington state court action are not implicated and will not be impaired in this case because Stevens' failed attempt to enjoin Lee's future speech in Washington state court is distinct from his present request for damages resulting from Lee's past speech. Similarly, Stevens does not request injunctive relief in this case, and Lee's First Amendment right to be free from an order enjoining her future speech is not at issue.

In addition, given the ex parte and emergency nature of Stevens' request, it appears neither party presented evidence in the Washington state court case. Even if they did, Lee has not provided the Washington state court's record. Thus, the Court cannot find the same evidence was presented in Washington state court and here. Moreover, there is no information before the Court to suggest Stevens filed defamation claims against Lee in Washington state court. While the Denial Order illustrates Stevens sought a temporary restraining order from the Washington state court to enjoin Lee's future speech, Lee has not even alleged—let alone presented any evidence to suggest—Stevens filed defamation claims for Lee's past speech in Washington state court. The two suits accordingly do not appear to implicate infringement of the same right. It is also unclear whether the two suits

involve the same transactional nucleus of facts because, again, the Washington state court record is not before the Court.

In short, Lee has not established the identity of claims required for the Court to find Stevens' claims are barred by res judicata. Nor has Lee established the Denial Order is a final judgment, as again, it appears the order was simply a denial of Stevens' ex parte request for a temporary order enjoining Lee's future speech, and not an adjudication of the merits of *any* claims regarding Lee's past speech. In the apparent absence of either an identity of claims or a final judgment, Stevens' claims are not barred by res judicata/issue preclusion.

### c. First Amendment

Finally, Lee argues the Court should enter judgment on the pleadings because Stevens' claims are barred by the First Amendment. In order to decide a motion under Rule 12(b)(c), the Court must determine whether Stevens' Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Hayes v. Zmuda*, 2019 WL 2746694 (D. Idaho 2019). Dismissal can be based upon the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Id*.

Under Idaho law, the tort of defamation requires the plaintiff to prove three elements: (1) the defendant communicated information concerning the plaintiff to others; (2) the information was defamatory; and (3) the plaintiff was damaged because of the communication. *Clark v. The Spokesman-Review*, 144 Idaho 216, 163 P.3d 216 (2007). The tort of defamation per se applies if the communicated information imputes to the

plaintiff either a criminal offense, a loathsome disease, a matter incompatible with his trade, business, profession, or office, or serious sexual misconduct. *Barlow v. International Harvester Co*., 95 Idaho 881, 522 P.2d 1102 (1974). Defamation per se does not require allegations or proof of special harm. *Id*. Stevens' Complaint contains a cognizable legal theory under both counts.

The pertinent allegations of the Complaint allege that Stevens was a volunteer youth hockey coach, and he temporarily reduced the playing time of Lee's children due to their purported misconduct. The Complaint further alleges that, as a result of such reduced playing time, Lee engaged in a course of retaliation against Stevens. This course of retaliation allegedly included publishing false statements which imputed criminal offenses and sexual misconduct to Stevens.

Specifically, the Complaint alleges that Lee published on her Facebook social media account false statements about Stevens, including that he engaged in criminal behavior involving the sexual abuse of children, and intimidated children into remaining quiet and not disclosing the alleged sexual abuse. Dkt. 1, ¶¶ 8–10. The Complaint includes the specific language of the publications upon which Stevens relies in support of his defamation claims. *Id*. The Complaint alleges the statements were false and that Lee knew they were false. *Id*., ¶¶ 11, 14, 16. Stevens further alleges Lee "intentionally, and with malice" crafted such publications to assert Stevens "was a sexual offender and predator, abused children, and that he had engaged in criminal misconduct consisting of sexually related offenses against children." *Id*., ¶¶ 11, 19. Finally, the Complaint identifies the damages suffered by Stevens, including injury to his reputation; exposure to public

ridicule, hatred, contempt; severe emotional distress; reduction in the size of his church's congregation; and loss of substitute teaching jobs from the Asotin County School District. *Id*., ¶¶ 20, 26–27. Thus, the Complaint adequately alleges claims for both defamation and defamation per se.

These factual allegations are enough to raise the right to relief above the speculative level. *Bell v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The fact that Lee disputes Stevens' allegations, or claims truth as a defense, is not relevant to a motion to dismiss. Further, Lee's arguments that Stevens' claims are barred by the First Amendment appear to not only be factually and legally inaccurate, but would also require the Court to impermissibly resolve disputed factual issues and to decide the merits of Stevens' defamation claims at the pleading stage.

For example, Lee argues Stevens is a limited public figure so he cannot recover for a defamatory falsehood unless he proves Lee's statements were made with actual malice. Dkt. 33-1, at 17 (citing *Verity v. USA Today*, 436 P.3d 653, 663–665 (Idaho 2019)). In *Verity*, the Idaho Supreme Court specifically held teachers and coaches—like Stevens— are not public officials or public figures. As such, Stevens need not prove Lee's statements were made with actual malice. Moreover, even if Lee could establish Stevens was a limited public figure or public official, Stevens specifically alleged Lee made her statements with actual malice because she publicly accused Stevens of sexual misconduct involving children despite her knowledge that such statements were false. Dkt. 1, ¶¶ 11, 14, 16. Such allegations are sufficient to plausibly allege defamation per se and defamation claims, even

if Stevens was a limited public official or public figure.[7]

At this stage of the proceedings, the issue is not whether Stevens will ultimately prevail, but is instead whether he is entitled to offer evidence in support of his claims. *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1196 (9th Cir. 1998). The Court finds Stevens has made this showing by plausibly alleging each of the requisite elements of his claims for defamation and defamation per se. Lee's request for judgment on the pleadings is accordingly denied.

**B.  Motion to Strike (Dkt. 38)**

Lee asks the Court to strike the Declaration (Dkt. 36-1) Stevens filed with his opposition to Lee's Motion for Judgment on the Pleadings. In support, Lee argues that declarations are not appropriate on a Motion to Dismiss. However, after requesting that the Court strike Stevens' Declaration, Lee also filed her own Declaration (Dkt. 40)[8] with her Reply in support of her Motion to Dismiss. Dkt. 39.

Part of the problem here appears to be a misunderstanding of the rules for a motion to dismiss. The parties both provide statements of purportedly undisputed facts, as required under District of Idaho Local Civil Rule 7(b)(1) and (b)(2). *See, e.g.*, Dkt. 33-1, at 3–7;

---

[7] Determining whether Lee made her statements with actual malice requires "a subjective inquiry into the state of mind of the publisher where the plaintiff must show that the defendant had knowledge of the falsehood or acted with reckless disregard as to whether it was false or not." *Verity*, 436 P.3d at 662. Such inquiry cannot be made on a Motion for Judgment on the Pleadings, and may involve disputed issues of material fact precluding even summary judgment.

[8] Unlike Stevens' Declaration, Lee's Declaration was filed in a belated attempt to authenticate Stormes' summary, instead of to identify facts. Dkt. 40. Despite Lee's Declaration, the Court's inability to take judicial notice of Stormes' summary stands since the latter document is unsigned, uncertified, refers to statements made by unidentified individuals, and because the Court cannot take judicial notice of the truth of the facts asserted in the document. *Khoja*, 899 F.3d at 999.

Dkt. 36, at 1; Dkt. 36-1.  However, that local rule, by its explicit language, only applies to motions for summary judgment. Because Lee's Motion for Judgment on the Pleadings has not been, and will not be, converted to a motion for summary judgment, there is no need for a statement of undisputed facts. There is also no need for declarations pertaining to the Motion to Dismiss.

Thus, neither Stevens' nor Lee's declarations have been considered in deciding Lee's motion to dismiss. Instead, the Court focused on the pleadings. However, the Court will not strike the declarations because they may become relevant and/or necessary at a later stage of the proceedings. As such, Lee's Motion to Strike is DENIED.

### C.  Motion to Compel (Dkt. 45)

On March 22, 2024, Lee served Grace Bible Church Kamiah ("the Church"), where Stevens serves as a pastor, with a subpoena to produce documents pertaining to the Church's organizational structure, financial records, records of congregation membership and attendance, and the methods used to track such membership and attendance. Dkt. 45-1, at 2–3. Lee sought such records to help verify or disprove Stevens' claim that the Church's congregation diminished as a result of Lee's statements. *Id*. at 3.

On March 29, 2024, the Church objected to the subpoena, arguing it provided insufficient time to respond, and providing boilerplate objections that the subpoena was overly broad, unduly burdensome, and sought private information neither relevant to this lawsuit nor reasonably calculated to lead to the discovery of relevant information. Dkt. 45-

2, at 26.[9] On April 30, 2024, Lee filed the instant Motion to Compel, noting the Church still had not responded to any portion of the subpoena. The Church did not move to quash the subpoena, and Stevens did not respond to Lee's Motion to Compel.

Pursuant to District of Idaho Local Civil Rule 7.1(e)(1), the Court deems the absence of a Motion to Quash from the Church, or an opposition to Lee's Motion to Compel by Stevens, to constitute consent to granting Lee's Motion to Compel.

In addition, Stevens could have, but failed to, move for a protective order regarding the subpoena if he believed the subpoena sought privileged information, jeopardized his own information, or was overbroad or irrelevant. *See, e.g., California Sportfishing Prot. All. v. Chico Scrap Metal, Inc*., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (explaining that a party generally lacks standing to challenge a third-party subpoena, "except as to claims of privilege relating to the documents being sought"); *Strategic Partners, Inc., v. FIGS, Inc*., 2020 WL 6143607, at *2 (C.D. Cal. Sept. 3, 2020) (holding a party may have standing to challenge a subpoena issued to a nonparty if the subpoena jeopardizes the party's interests, or is irrelevant or overbroad).

Stevens' failure to formally contest Lee's Motion to Compel or to seek a protective order, as well as the Church's failure to attempt to quash the subpoena, each weigh in favor of granting Lee's Motion to Compel, and suggest the subpoena is neither unduly broad nor overly burdensome to the Church. Further, the Court finds the information sought in the subpoena is relevant because it directly bears on Stevens' alleged harms. Thus, after

---

[9] Stevens' counsel in this lawsuit, Jonathan D. Hally, also represents the Church. *Id*. Hally objected to the subpoena in a letter sent directly to Lee's counsel; Hally did not file a formal objection or a Motion to Quash with the Court.

balancing the subpoena's relevance, Lee's need for the information, and the hardship on the Church, Lee's Motion to Compel is GRANTED with respect to Lee's request for documents. *Google*, 234 F.R.D. at 680.

Lee also seeks an award of the attorneys' fees she incurred in bringing her Motion to Compel. Dkt. 45-1, at 9. Although a district court has inherent authority to enforce compliance with its lawful orders through civil contempt sanctions such as attorney's fees, "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45." *Shillitani v. United States*, 384 U.S. 364, 370–71 (1966); *Pennwalt Corp. v. Durand-Wayland, Inc*., 708 F.2d 492, 494 (9th Cir. 1983). While Rule 45(g) provides that a court may hold a non-party in contempt for failure to obey a subpoena or subpoena-related order, it does not independently authorize an award of attorneys' fees as a sanction. Fed. R. Civ. P. 45(g). In addition, other provisions of the Federal Rules which do authorize attorneys' fee awards to sanction discovery abuses expressly apply to parties. *See, e.g.,* Fed. R. Civ. P. 37(b)(2)(C).

As such, attorneys' fee awards are only available against non-parties under Rule 45 upon a finding of contempt, after notice and an opportunity to be heard are first provided. *Beverly v. Interior Electric Incorp. Nevada*, 2023 WL 355692, at *2 (9th Cir. 2023); *In re Plise*, 506 B.R. 870, 878–79 (B.A.P. 9th Cir. 2014) (concluding a finding of contempt must precede a sanctions order); Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (g) ("[I]t would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena."). Thus, although the Church may be held in contempt

and sanctioned if it fails to comply with the instant Order, it has not thus far disobeyed a court order, and has not been held in contempt. Lee's request for attorneys' fees is accordingly DENIED.

## V. CONCLUSION

In sum, while Lee's Combined Motion and Motion to Strike are both denied, her Motion to Compel is granted in part and denied in part, as outlined below.

## VI. ORDER

1.  Lee's Combined Motion (Dkt. 33) is **DENIED**.

2.  Lee's Motion to Strike (Dkt. 38) is **DENIED**.

3.  Lee's Motion to Compel (Dkt. 45) is **GRANTED in part and DENIED in part**. Lee's Motion to Compel is **GRANTED** with respect to her request for an order compelling the Church to comply with Lee's subpoena. The Church is hereby **ORDERED** to produce the documents requested in Lee's March 22, 2024 subpoena within ten (10) days of the date of this Order. Lee's Motion to Compel is **DENIED** with respect to her request for attorneys' fees.

4.  The Scheduling Order (Dkt. 11) is hereby **AMENDED** as follows: (1) All discovery must be completed on or before July 25, 2025; (2) Mediation must be held by August 15, 2025; (3) Dispositive Motions must be filed by September 1, 2025.

DATED: May 30, 2025

David C. Nye
Chief U.S. District Court Judge